## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES W. CHESNEY,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-19-0210-I-1 |
|   v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph J. Chester, Esquire, Pittsburgh, Pennsylvania, for the appellant.

Donna G. Marshall, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his chapter 75 demotion appeal as moot. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal as moot on petition for review.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective March 30, 2019, the agency reduced the appellant in pay and grade from EAS-21 Postmaster to EAS-17 Operations Programs Specialist. Initial Appeal File (IAF), Tab 1 at 9-27, Tab 6 at 8.[2] The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 3. Although the appellant initially indicated that he was "incorporat[ing] discrimination allegations [from] pending [equal employment opportunity] claims," *id.* at 5, he subsequently withdrew his discrimination-based claims, IAF, Tab 26 at 39, Tab 38 at 4.

On November 3, 2020, prior to a hearing on the matter, the agency informed the appellant via letter that it had rescinded his demotion and that it would provide him with "the difference in pay from March 31, 2019 through present." IAF, Tab 74 at 6. The agency also filed a motion to dismiss the appeal as moot, arguing that it had restored the appellant to the status quo ante. *Id.* at 4-5. The appellant thereafter argued that the appeal was not moot and that he was entitled to a hearing on the issue of mootness. IAF, Tab 78 at 4-7, Tab 83 at 4-15.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as moot. IAF, Tab 84, Initial Decision (ID) at 2, 4. She explained that the appellant had withdrawn his discrimination claims and, therefore, was ineligible for either compensatory or consequential damages. ID at 3. She concluded that the appellant had therefore received all of the relief to which he would have been entitled if the matter had been adjudicated and he had prevailed. *Id.*

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4. In his petition and reply, the appellant argues that the administrative

---

[2] The agency initially proposed to reduce the appellant to the position of EAS-16 Business Service Network Representative; however, the agency explained in its decision letter that this had been an administrative error and that no such position was available. IAF, Tab 1 at 9, 24.

judge erred in dismissing the appeal as moot insofar as he was entitled to, but did not receive, the following: (1) compensatory damages; (2) consequential damages; (3) attorney fees; (4) restoration of his support staff; (5) restoration of sick and annual leave that he used to work on his Board appeal; and (6) "restoration of sick and vacation days he used rather than administrative leave as [an] exempt employee." PFR File, Tab 1 at 4-18, Tab 4 at 4-7.

Approximately 2 months after the appellant filed his reply, the agency moved for leave to file a supplemental response in opposition to the appellant's petition for review. PFR File, Tab 7 at 4-5. The Office of the Clerk of the Board issued an order that granted the agency's motion. PFR File, Tab 9 at 1-2. The agency then filed a supplemental response in which it averred that it had credited the appellant with sick and annual leave that he would not have been required to use had he not been temporarily demoted. PFR File, Tab 10 at 4-6. The appellant has not replied to the agency's supplemental response.

## ANALYSIS

The Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency. *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 5 (2004). For an appeal to be deemed moot, the agency's rescission of the appealed action must be complete, and the employee must be returned to the status quo ante. *Id.* Status quo ante relief generally requires that the appellant be placed back in his former position or in one substantially equivalent in scope and status to his former position, with back pay. *Id.*, ¶ 6; *see Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 6 (2007) (explaining that for an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed).

Here, the appellant argues that the administrative judge erred in dismissing the matter as moot because he was entitled to, but did not receive, compensatory damages. PFR File, Tab 1 at 5-6, 15-16, Tab 4 at 5-6. He argues that he was

entitled to such damages "as a result of estoppel and laches" and because the agency exhibited "bad-faith conduct" during the pendency of his appeal before the administrative judge. PFR File, Tab 1 at 6, 15-16. However, we find no basis to disturb the administrative judge's reasoned conclusion that, because the appellant withdrew his discrimination claims, he was ineligible for compensatory damages. ID at 3; IAF, Tab 26 at 39, Tab 38 at 4; *see Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 196-98 (1996) (explaining that compensatory damages are available only when an appellant raises a claim of prohibited discrimination in connection with an otherwise appealable action); *see also* 5 C.F.R. § 1201.201(d) (stating that the Board may authorize an award of compensatory damages to a prevailing party who is found to have been intentionally discriminated against based on race, color, religion, sex, national origin, or disability).

The appellant contends that he was entitled to, but did not receive, consequential damages, to include compensation for travel and commuting expenses that he incurred because his demotion temporarily changed his duty station. PFR File, Tab 1 at 10-11; IAF, Tab 79 at 23-37. Again, however, we find no basis to disturb the administrative judge's conclusion that the appellant was ineligible for such damages. ID at 3; *see* 5 C.F.R. § 1201.201(c) (explaining that the Board may award consequential damages only when it orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221 or when it orders corrective action in a Special Counsel complaint under 5 U.S.C. § 1214). Thus, a different outcome is not warranted.

The appellant asserts that the administrative judge erred in dismissing his appeal as moot because he had claimed entitlement to $48,081.00 in attorney fees and associated costs. PFR File, Tab 1 at 12-13. Outstanding attorney fee issues, however, do not prevent the dismissal of an appeal as moot. *Currier*, 72 M.S.P.R. at 198. Indeed, the Board considers attorney fee issues in an addendum proceeding after an appellant files a separate petition on that issue. *See* 5 C.F.R.

§§ 1201.201-1201.205. Thus, the appellant's assertion regarding attorney fees does not provide a basis to disturb the initial decision.

The appellant also argues that the appeal was not moot because he was entitled to, but did not receive, restoration of either (1) the same "quantum" of support staff that he enjoyed prior to his demotion or (2) leave that he used to "prepare and defend" his Board appeal. PFR File, Tab 1 at 5, 11-12. We disagree. Indeed, the appellant does not cite, and we are unable to locate, any legal authority, such as a provision in the Postal Service's Employee and Labor Relations Manual (ELM),[3] to support his apparent assertion that, had the matter been adjudicated and he had prevailed, the agency would have been required to either restore staffing levels or compensate him for leave that he used to work on his Board appeal. *See Murphy*, 107 M.S.P.R. 154, ¶ 6.

Last, the appellant argues that he was entitled to "restoration of sick and vacation days he used rather than administrative leave as [an] exempt employee." PFR File, Tab 1 at 5. Essentially, the appellant is arguing that he was required to use more of his sick and annual leave during the period of his demotion because the temporary downgrade in position rendered him ineligible for "personal absence time." We agree with the appellant that this is additional relief to which he would have been entitled if the appeal had been fully adjudicated and he had prevailed. *See Galatis v. U.S. Postal Service*, 110 M.S.P.R. 399, ¶ 7 (finding that the appellant was entitled to the restoration of certain leave that he used while temporarily demoted because he would not have been required to use the leave had he remained in his supervisory position), *modified on reconsideration*, 111 M.S.P.R. 484 (2009); *see also* ELM § 519.72 (stating that Fair Labor Standards Act exempt Postal Service employees may request time off to attend to personal matters during the workday, which may be considered "personal absence time" and not charged as annual leave, sick leave, or leave without pay). The record shows that the agency had not yet restored this leave to the appellant at the

---

[3] https://about.usps.com/manuals/elm/elm.htm (last visited Apr. 29, 2024).

time the initial decision was issued. PFR File, Tab 10 at 4-5, 32; ID. Therefore, the appeal was not moot when the administrative judge dismissed it.

Nevertheless, we find that the appeal became moot during the pendency of the petition for review. The agency has filed evidence showing that, on or about May 27, 2021, it restored all leave to which the appellant may have been entitled pursuant to ELM § 519.72, i.e., leave that may properly have been categorized as "personal absence time" had the appellant remained in his EAS-21 Postmaster position. PFR File, Tab 10 at 6, 32. The appellant does not dispute this matter. Accordingly, we find that no factual dispute remains regarding leave owed to the appellant by virtue of his temporary ineligibility for personal absence time, and therefore, the appeal is now moot. *See Murray v. Department of Defense*, 92 M.S.P.R. 361, ¶ 16 (2002) (explaining that mootness can arise at any stage of litigation and that the Board must dismiss an appeal as moot when it cannot grant any effectual relief in favor of the appellant).

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                                    _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.